# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

Argued December 21, 2022        Decided June 13, 2023

No. 22-7021

SHANIQUE PEREZ,
APPELLANT

v.

KIPP DC SUPPORTING CORPORATION, DOING BUSINESS AS
KIPP DC SHAW QALICB, INC., DOING BUSINESS AS KIPP DC
DOUGLAS QALICB, ET AL.,
APPELLEES

---

Appeal from the United States District Court
for the District of Columbia
(No. 1:21-cv-00929)

---

*Christina Graziano* argued the cause and filed the brief for appellant.

*Gregory G. Marshall* argued the cause for appellee Kipp DC Supporting Corporation. With him on the brief was *Erin K. Sullivan*.

*John D. McGavin* and *Emily Blake* were on the brief for appellee Capital City Public Charter School, Inc.

Before: PILLARD and KATSAS, *Circuit Judges*, and

2

RANDOLPH, *Senior Circuit Judge*.

Opinion for the court filed by *Senior Circuit Judge* RANDOLPH.

RANDOLPH, *Senior Circuit Judge*: This is an appeal of the district court's order dismissing Shanique Perez's complaint. Her complaint, filed in 2021, repeated the claims she had made against the defendants in her 2018 complaint. The district court dismissed her 2018 complaint because the D.C. statutory limitations period had run. *See Doe v. Kipp DC Supporting Corp.*, 373 F. Supp. 3d 1, 15 (D.D.C. 2019). The court dismissed her 2021 complaint on the ground of res judicata. *See Perez v. KIPP DC Supporting Corp.*, 590 F. Supp. 3d 150, 159 (D.D.C. 2022).

In both of her complaints Perez alleged that in 2004, when she was 14 years old and a student at a KIPP charter school in the District of Columbia, one of her teachers began having sexual relations with her. She further alleged that this man continued to abuse her after she enrolled in another school and that they began living together in Maryland. She claimed that she ended her relationship with him in 2009. *See id.* at 153–55. Both of Perez's complaints named as defendants the corporation that owned the KIPP school, the man who abused her, another school that employed him after he left KIPP in 2005, the principal at KIPP,[1] and unnamed KIPP employees.

The first issue presented is whether, as the district court ruled, res judicata barred Perez's second action. The issue arises because the district court, in its judgment and in its opinion disposing of Perez's first complaint, stated that Perez's "case is

---

[1] Perez voluntarily dismissed her 2021 claims against the KIPP principal, Susan Ettinger.

3

DISMISSED WITHOUT PREJUDICE." *Doe*, 373 F. Supp. 3d at 15. The court did not explain why it chose this disposition.

As to the meaning of "dismissed without prejudice," we rely on Justice Scalia's opinion for a unanimous Supreme Court:

> The primary meaning of "dismissal without prejudice," we think, is dismissal without barring the plaintiff from returning later, to the same court, with the same underlying claim. That will also ordinarily (though not always) have the consequence of not barring the claim from *other* courts, but its primary meaning relates to the dismissing court itself. Thus, Black's Law Dictionary (7th ed. 1999) defines "dismissed without prejudice" as "removed from the court's docket in such a way that the plaintiff may refile the same suit on the same claim," and defines "dismissal without prejudice" as "[a] dismissal that does not bar the plaintiff from refiling the lawsuit within the applicable limitations period.

*Semtek Int'l, Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505–06 (2001) (citations omitted).

To sum up, a "'[d]ismissal . . . without prejudice' is a dismissal that does not 'operate as an adjudication upon the merits' . . . and thus does not have a res judicata effect."[2]

---

[2] But a dismissal without prejudice is appealable as a final order. "That the dismissal was without prejudice to filing another suit does not make the cause unappealable, for denial of relief and dismissal of the case ended this suit so far as the District Court was concerned." *United States v. Wallace & Tiernan Co.*, 336 U.S. 793, 794 n.1 (1949); *see also, e.g., Schering-Plough Healthcare Products, Inc. v. Schwarz Pharma, Inc.*, 586 F.3d 500, 507 (7th Cir. 2009); 15A

4

*Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990) (citation omitted) (quoting Fed. R. Civ. P. 41(a)(1)).

It follows that res judicata could not serve as the basis for dismissing Perez's second complaint. Yet one might wonder whether that matters. Wholly aside from res judicata, the court's dismissal of Perez's 2018 complaint on statute of limitations grounds would seem to doom her second complaint as similarly untimely. *See Ciralsky v. CIA*, 355 F.3d 661, 672 (D.C. Cir. 2004); *Cohen v. Bd. of Trs. of Univ. of D.C.*, 819 F.3d 476, 478–79, 484 (D.C. Cir. 2016).

But on May 3, 2019, the District of Columbia's Sexual Abuse Statute of Limitations Amendment Act went into effect. *See Perez*, 590 F. Supp. 3d at 155. This Act applies to all civil actions "arising out of" sexual abuse of a victim under the age of 35.[3] Sexual Abuse Statute of Limitations Amendment Act of 2018, D.C. Law 22-311 § 3(a), 66 D.C. Reg. 1398, 1399 (Feb. 1, 2019). The new and expanded limitations period extends to "the date the victim attains the age of 40 years, or 5 years from when the victim knew, or reasonably should have known, of any act constituting sexual abuse, whichever is later." *Id.*; *see also* D.C. Code § 12-301(11) (2019). Section 5 of the Act further provides: "Notwithstanding any other provision of law, a claim for the recovery of damages that would be time-barred" under the previous statute of limitations "but that would not be

---

Charles Alan Wright, Arthur R. Miller, & Edward Cooper, *Federal Practice and Procedure* § 3914.6 (3d ed. 2022). *But compare Wilcox v. Georgetown University*, 987 F.3d 143, 149 (D.C. Cir. 2021), *with id.* at 154 (Randolph, J., dissenting).

[3] Originally, the statute of limitations applied only to damages "arising out of sexual abuse that occurred while the victim was a minor." D.C. Code § 12-301(11) (2009).

5

time-barred under [the Act's revised statute of limitations] is revived," though only if the plaintiff's suit "commence[s] within 2 years after the effective date of this act." D.C. Law 22-311 § 5(a)(2).

Perez was under 40 years of age when she filed her second complaint in April 2021 within the two-year period specified in the new Act. Even so, the district court held that the Act "does not apply to claims such as Ms. Perez's, which were adjudicated and dismissed as time-barred under the previous statute of limitations." *Perez*, 590 F. Supp. 3d at 163. The district court reached this interpretation of the Act in reliance of the doctrine of construing legislation to avoid constitutional doubts.[4]

The doctrine is this: "if one permissible reading will be constitutional and another will not be, the former must be chosen, since courts should not assume the legislature would have intended to act vainly." Henry J. Friendly, *Benchmarks* 210 (1967). Judge Friendly warned that unless the constitutional doubt is "exceedingly real," this rule "of statutory interpretation or, more accurately, of constitutional adjudication—still more accurately, of constitutional nonadjudication—is likely to become one of evisceration and tergiversation." *Id.* at 211, 211–12.

The constitutional doubt the district court identified here does not fit Judge Friendly's proposal that it must be "exceedingly real." The district court reasoned that "any interpretation" of the D.C. Act that would "revive finally adjudicated claims such as [Perez's] would risk running afoul of the constitutional principles of separation of powers." *Perez*, 590 F. Supp. 3d at 161. For this proposition the district court

---

[4] *See* Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 247–51 (2012).

6

invoked *Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211 (1995).[5] *Plaut* decided that if a federal statute ordered district courts to "reinstate[]" a lawsuit that was dismissed "with prejudice," the statute violated the separation of powers by "retroactively commanding the federal courts to reopen final judgments." *Id.* at 217, 219.

*Plaut* is inapposite. The Supreme Court addressed only legislation setting aside or reopening judgments of federal courts rendered "with prejudice." *Id.* at 217. That in itself distinguishes *Plaut*. The judgment here was not "with prejudice. The very point of a dismissal "without prejudice" is that the losing party may file a new lawsuit against the same parties containing the same or a similar cause of action. Of course, the plaintiff will usually lose again if nothing changed, factually or legally. But here there was a change, a rather dramatic change in the law.

We have decided to reverse and remand this case in view of the remaining issues. The district court did not decide whether the old or the new D.C. statute of limitations applied to several of Perez's claims. *See Perez*, 590 F. Supp. 3d at 160 n.6 & 163 n. 8. The court also concluded that its interpretation of the new Act depended on constitutional avoidance, which we have determined to be inapplicable.

*Reversed and remanded.*

---

[5] The "same general principles" of separation of powers apply to the federal government and the D.C. government, *Wilson v. Kelly*, 615 A.2d 229, 231 (D.C. 1992), and so "we will assume without deciding" that *Plaut*'s separation of powers principles bind the D.C. legislature just like they bind Congress, *Sanchez v. Off. of State Superintendent of Educ.*, 45 F.4th 388, 401 (D.C. Cir. 2022).